# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAFAYETTE DIVISION

JOSEPH HAWKINS

VERSUS                          CIVIL ACTION NO. 6:10 CV 00152

RICK COLEMAN, ET AL

---

### MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEY FEES AND COSTS

---

NOW INTO COURT, through undersigned counsel, comes JOSEPH HAWKINS, who, with respect, offers the following brief memorandum in opposition to the Motion for Attorney's Fees and Costs filed by defendants.

### FACTS

In June 2009, unarmed Joseph Hawkins was tased at least four times by members of the Abbeville Police Department, thrown to the ground, handcuffed and arrested for violation of a restraining order brought by his sometimes estranged wife, Amy. After the incident, despite the tasing and drop from the porch, Joseph was denied medical attention in contravention of Abbeville's own policies and procedures (see plaintiff's Original Memorandum in Opposition to Motion for Summary Judgment and authorities cited therein).

Defendants' memorandum suggests because plaintiff's arrest was justifiable, all consequences of that arrest, including whether or not the force used was reasonable or whether several internal policies were violated, somehow become kosher.

This Court granted defendants' motion for summary judgment reasoning, among other things, that the arrest of Joseph Hawkins was indeed justifiable and that the force used in the arrest was reasonable under the circumstances. In addition, this Court ruled that the defendants were not deliberately indifferent to Joseph Hawkins' serious medical needs. Plaintiff believes that despite his long and well-documented history of mental illness, the Court was unimpressed by the lack of overt physical injuries. Plaintiff believes had he suffered obvious and serious physical injuries, this Court may well have ruled that four tasings, a tackle from the porch, gloating police officers, rough handcuffing and no medical attention indeed violated the constitution.

Plaintiff admits that his physical injuries were minimal, although he believes that the psychological consequences of the incident were profound. Although he did not prevail in the motion for summary judgment, he maintains that he brought the suit in good faith and brought forth enough evidence to show that there was a sound basis for bringing the suit even though he ultimately did not succeed.

## **ATTORNEY'S FEES STANDARD**

The standard for awarding attorney's fees to a defendant pursuant to 42 U.S.C § 1988 is high. "A plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so."[1]

The purpose of Section 1988 as applied to plaintiffs and attorney's fees, is to deter frivolous suits.[2]

---

[1] Christiansburg Garment Co. v. EEOC, 98 S.Ct. 694, 697 (1978). [Although Christianburg was a Title VII case, the Fifth Circuit has held that it also is the standard to be employed in claims for fees made by a defendant pursuant to 42 U.S.C. § 1988. Lopez v. Aransas County Indep. Sch. Dist., 570 F.2d 541, 545 (5th Cir. 1978).]

[2] Jones v. Texas Tech University, 656 F.2d 1137, 1144 (5th Cir. 1981); DeLeon v. City of Haltom City, 113 Fed.Appx. 577, 578 (5th Cir. 2004).

Here, plaintiff believes that this Court could have found that four quick succession tasings of an unarmed nonthreatening individual *per se* rose to the level of unreasonable despite the lack of serious physical injury. Further, plaintiff believes that this Court could have found that a medical checkup following the tasings as required by both the manufacturer's recommendations and the Abbeville policy and police procedures manual *per se* violated the "deliberate indifference to serious medical needs" standard. Section 1988 is not, as plaintiff believes defendants suggest, a "loser pays" statute. The purpose of Section 1988 is to deter vexatious and frivolous suits, not to chill suits that ought to be brought even though they may not ultimately succeed.

WHEREFORE, premises considered, plaintiff respectfully requests that defendants' Motion for Attorney's Fees and Costs be denied.

Respectfully Submitted,

*[signature]*
David Benoit, Bar # 18788
Post Office Box 877
Breaux Bridge, Louisiana 70517
(337) 332-6666

## CERTIFICATE OF SERVICE

I hereby certified that on the 22nd day of June 2011, a copy of the foregoing Memorandum was filed electronically with the Clerk of Court using the CM/ECF system. Notice of the filing of this document was sent to all parties.

*[signature]*
DAVID BENOIT #18788