UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

JOSEPH HAWKINS                                CIVIL ACTION NO. 6:10-cv-0152

VERSUS                                         JUDGE DOHERTY

RICK COLEMAN, ET AL.                           MAGISTRATE JUDGE HANNA

### RULING ON MOTION

Pending before this Court is the defendants' motion for attorneys' fees and costs pursuant to 42 U.S.C. § 1988 (Rec. Doc. 36), which was referred to the undersigned for ruling (Rec. Doc. 37). For the reasons set forth below, the motion is DENIED.

### FACTUAL BACKGROUND

On June 17, 2009, Joseph Hawkins was arrested by officers of the Abbeville Police Department. During the arrest, Mr. Hawkins, who has a history of mental illness, was physically restrained and tased. After he was taken into custody, Mr. Hawkins gave a medical and mental health history, which included past and current suicidal ideation as well as his just having been tased. Mr. Hawkins received no medical evaluation or treatment. He brought this lawsuit, asserting various constitutional violations, and alleging that the arresting officers used excessive force

during the arrest and were deliberately indifferent to his medical needs. Following discovery, the defendants filed a motion for summary judgment. (Rec. Doc. 18). In the motion, the defendants sought an award of attorneys' fees and expenses pursuant to 42 U.S.C. § 1988, alleging that they should be reimbursed the sums expended in defending this allegedly frivolous lawsuit. (Rec. Doc. 18 at 2).

This court granted the defendants' motion for summary judgment in part, denied it in part, and deferred it in part. (Rec. Docs. 32, 33). The court dismissed the plaintiff's federal-law claims; declined to exercise supplemental jurisdiction over the plaintiff's state-law claims and dismissed them without prejudice; and deferred ruling on the defendants' request for attorneys' fees and costs, ordering the defendants to submit the instant motion in support of their alleged entitlement to fees and costs.

## ANALYSIS

Mr. Hawkins asserted claims against the defendants under 42 U.S.C. §§ 1983, 1985, and 1986. 42 U.S.C. § 1988 allows a district court, "in its discretion," to award reasonable attorneys' fees and costs to the prevailing party in actions brought under those statutes and others. Although prevailing plaintiffs are usually entitled to

recover such fees, prevailing defendants are subject to a more rigorous standard.[1] "[P]revailing defendants cannot recover § 1988 fees without demonstrating that the plaintiff's underlying claim was frivolous, unreasonable or groundless."[2] Indeed, such awards "for prevailing defendants are presumptively unavailable unless a showing is made that the underlying civil rights suit was vexatious, frivolous, or otherwise without merit."[3] To be meritless, the action must be groundless or without foundation.[4]

Since there is no evidence that this lawsuit was brought in bad faith or litigated in a vexatious manner, the undersigned must determine whether Mr. Hawkins's lawsuit was sufficiently frivolous to justify an award of attorneys' fees and costs to the defendants. A suit is frivolous if it is "so lacking in arguable merit as to be groundless or without foundation...."[5] In determining whether a suit is frivolous, the

---

[1] *Dean v. Riser*, 240 F.3d 505, 508 (5th Cir. 2001). See, also, *White v. South Park Independent School Dist.*, 693 F.2d 1163, 1169 (5th Cir. 1982) ("the standard for awarding attorneys' fees differs if a defendant rather than a plaintiff prevails.")

[2] *Merced v. Kasson*, 577 F.3d 578, 595 (5th Cir. 2009), quoting *Hidden Oaks Ltd. v. City of Austin*, 138 F.3d 1036, 1053 (5th Cir. 1998). See, also, *United States v. Mississippi*, 921 F.2d 604, 609 (5th Cir. 1991), citing *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978).

[3] *Dean v. Riser*, 240 F.3d at 508.

[4] *Hughes v. Rowe*, 449 U.S. 5, 14 (1980). See, also, *United States v. Mississippi*, 921 F.2d 604, 609 (5th Cir.1991).

[5] *Walker v. City of Bogalusa*, 168 F.3d 237, 240 (5th Cir. 1999), citing *Plemer v. Parsons-Gilbane*, 713 F.2d 1127, 1140 (5th Cir. 1983).

district court should consider factors such as whether the plaintiff established a *prima facie* case, whether the defendant offered to settle, and whether the court dismissed the case or held a full trial.[6] Since this court has discretion to award fees and costs under Section 1988, these factors are merely illustrative and are neither exclusive nor controlling.

Two of the three factors specifically identified as worthy of consideration are of little value. It is well-settled that the dismissal of a plaintiff's claims is not a sufficient justification for an allocation of fees to the defendants.[7] Therefore, although the plaintiff's claims in this case were dismissed on the defendants' motion for summary judgment, that does not automatically mean that the claims were frivolous nor does it mean that the defendants are automatically entitled to an award of attorneys' fees. However, as the Fifth Circuit has noted, "the careful consideration given to the case by the district court is some indication that the suit was not frivolous."[8] Here, the district court's decision, which is seventeen pages long, gave careful consideration to the arguments presented by the parties both for and against

---

[6] *Myers v. City of West Monroe*, 211 F.3d 289, 292 (5th Cir. 2000); *Walker v. City of Bogalusa*, 168 F.3d at 240; *United States v. Mississippi*, 921 F.2d at 609.

[7] *Dean v. Riser*, 240 F.3d at 512; *Hidden Oaks Ltd. v. City of Austin*, 138 F.3d at 1053; *Hughes v. Rowe*, 449 U.S. at 15-16 ("The fact that the Court dismissed Plaintiffs' suit is not in itself a sufficient justification for the fee award.")

[8] *Jones v. Texas Tech University*, 656 F.2d 1137, 1146 (5th Cir. 1981).

the defendants' motion for summary judgment, indicating that the lawsuit was taken seriously, and there is no finding in that ruling that the plaintiff's claims were frivolous. Therefore, neither the fact that Mr. Hawkins's claims were dismissed on summary judgment nor the summary judgment ruling itself offers much guidance in determining whether Mr. Hawkins's claims were frivolous.

Similarly, "whether a defendant offers to settle a case is of questionable value in determining whether the plaintiff's claims are frivolous."[9] Here, the defendants state that they made no offer to settle this case.[10] But this factor is totally under the control of the defendant and is contrary to the principle that the amicable settlement of lawsuits should be encouraged.[11] "Settlement agreements have always been a favored means of resolving disputes."[12] However, any defendant aware that whether it has made a settlement offer is a factor to be considered by the court in determining if it is awarded attorneys' fees can simply decline to make an offer, regardless of the relative merit or frivolity of the plaintiff's claims. If this factor were given great weight, the pragmatic result would be that no defendant in a civil rights lawsuit would

---

[9] *Myers v. City of West Monroe*, 211 F.3d at 292.

[10] Rec. Doc. 36-2 at 13.

[11] See, also, *Bell v. Schexnayder*, 36 F.3d 447, 449 (5th Cir. 1994) ("a district court has inherent power to... encourage... settlement agreements.")

[12] *Thomas v. State*, 534 F.2d 613, 615 (5th Cir. 1976).

ever make a settlement offer out of fear that doing so would preclude its attorneys' fees claim. Consequently, whether the defendants did or did not make a settlement offer in this case sheds no light on the merit of the plaintiff's claims.

Despite the defendants' argument that Mr. Hawkins failed to establish a *prima facie* case under the various federal-law theories he alleged, the claims asserted by Mr. Hawkins in this case were not totally groundless. It is undisputed that he was tased by Abbeville city police officers, he was arrested by those officers, he was taken into custody, he advised his jailers that he had an extensive medical history including mental health issues and suicidal ideation, and he was not provided with any medical assistance. Although the District Court ultimately determined that his allegations did not rise to the level of constitutional violations, his allegations had an arguably valid factual basis.

In deciding whether defendants may be reimbursed for their fees and costs, this court should focus on whether the plaintiff's claim is colorable and of arguable merit.[13] "When a plaintiff presents some credible evidence to prove his claim, he has shown that his case has colorable merit; consequently, the prevailing defendant is not

---

[13] *Vaughner v. Pulito*, 804 F.2d 873, 878 (5th Cir. 1986) ("To avoid discouraging all but 'airtight claims,' courts focus on whether a plaintiff's claim is colorable and of arguable merit.") See, also, *Jones v. Texas Tech University*, 656 F.2d 1137, 1147 (5th Cir. 1981) ("Because Jones' case, although not ultimately successful, had some arguable merit, the district court's finding that the suit was frivolous cannot stand.")

entitled to attorney's fees."[14]  The undersigned finds that this is the case here.  Mr. Hawkins's claims had an arguable basis in undisputed fact.  Although the facts underlying his claims were ultimately determined to fall short of establishing that his constitutional rights were violated, there is no evidence that his claims were so lacking in factual foundation as to be deemed frivolous.  Therefore, the defendants have not established that they are entitled to a reimbursement of the attorneys' fees they incurred in defending against those claims.

## CONCLUSION

The undersigned finds that the claims asserted by the plaintiff, Joseph Hawkins, in this lawsuit were not frivolous.  Therefore, the defendants' motion for reimbursement of attorneys' fees and costs (Rec. Doc. 36) is DENIED.

Signed at Lafayette, Louisiana, this 25th day of July 2011.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

---

[14] *Hahn v. City of Kenner*, 1 F.Supp.2d 614, 617 (E.D. La. 1998), *aff'd*, 207 F.3d 658 (5th Cir. 2000), quoting *Broussard v. Board of Trustees for State Colleges and Universities*, No. Civ. A 96-2425, 1995 WL 683858 *1 (E.D. La. Apr. 13, 1995), citing *Vaughner v. Pulito*, 804 F.2d 873, 878 (5th Cir. 1986).