**RECEIVED**

OCT 1 7 2011

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| JOSEPH HAWKINS | CIVIL ACTION NO. 6:10-CV-152 |
| VERSUS | JUDGE DOHERTY |
| RICK COLEMAN, ET AL | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING

Currently pending before the Court is a Motion for Reconsideration [Doc. 34], filed by the City of Abbeville, Mayor Mark Piazza, Chief Rick Coleman, Officer Rusty Meaux, and Officer Shane Bourque ("defendants"). By way of the motion, defendants move this Court to reconsider its prior Ruling on defendants' motion for summary judgment (more specifically, that portion of the Ruling whereby the Court declined to exercise supplemental jurisdiction over plaintiff's state law claims and dismissed those claims without prejudice[1]), and thereafter "exercise its discretion to consider the state law claims and dismiss same, with prejudice, in the interest of judicial economy, convenience and fairness to the parties. . . ."[2] [Doc. 34, pp. 1-2]

---

[1] *See* Doc. 32, p.14

[2] In this Court's Ruling on defendants' motion for summary judgment, all federal claims asserted against defendants were dismissed with prejudice; plaintiff's state law claims were dismissed without prejudice, pursuant to "the general rule" that when all federal claims are eliminated prior to trial, in most cases a federal trial court should decline to maintain supplemental jurisdiction over any remaining state law claims. *See e.g. Bass v. Parkwood Hospital*, 180 F.3d 234, 246 (5th Cir.1999)("When a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims ... *without* prejudice ....")(emphasis in original); *see also Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350, n. 7 (1988)("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine - judicial economy, convenience, fairness, and comity - will point toward declining to exercise jurisdiction over the remaining state-law claims"); *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); *Parker & Parsley Co. v. Dresser Industries*, 972 F.2d 580, 585 (5th Cir. 1992) ("Our

1

Pursuant to 28 U.S.C. § 1367, a district court may, in its discretion, decline to exercise its supplemental jurisdiction over a claim if:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Courts must additionally look to the common law factors of judicial economy, convenience, fairness and comity when determining whether or not to exercise supplemental jurisdiction. *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350, n. 7 (1988); *Parker & Parsley Co. v. Dresser Industries*, 972 F.2d 580, 586 (5th Cir. 1992). No single factor is dispositive. *Id.* at 587.

In this matter, plaintiff has asserted state law claims of negligence, excessive force, and, according to defendants, failure to provide medical care. The claims do not raise novel or complex issues of state law, and thus, the first statutory factor does not favor remand. The second statutory factor does favor remand, because no claims of original jurisdiction remain, and thus the state law claims dominate. *See e.g. Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) ("After the United

---

general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed.") (citing *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989)); *Brookshire Bros. Holding, Inc. v. Dayco Products, Inc.*, 554 F.3d 595, 602 (5th Cir. 2009)("the general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial"); *Beiser v. Weyler*, 284 F.3d 665, 675 (5th Cir.2002) (where "no other grounds for federal jurisdiction exist, the court must ordinarily remand the case back to state court"); *Enochs v. Lampasas County*, 641 F.3d 155, 161 (5th Cir. 2011)("Indeed, the Supreme Court has for nearly half a century cautioned federal courts to avoid '[n]eedless decisions of state law' . . . . Gibbs, 383 U.S. at 726, 86 S.Ct. 1130.")

States was dismissed from the lawsuit, there were no claims of original jurisdiction remaining, and state law claims dominated.") The third factor - whether all claims over which original jurisdiction exist have been dismissed - favors remand. The fourth factor is not applicable in this matter, as it is only to be invoked in rare and/or unusual cases, involving compelling reasons to decline jurisdiction; no such "compelling reasons" have been identified.[3]

With regard to the common law factors set forth in *Carnegie-Mellon University*, the first - judicial economy - favors remand. At the time plaintiff's claims asserted pursuant to federal law were dismissed "hardly any federal resources, let alone a significant amount of resources, had been

---

[3]This Court is aware of only one case in which the Fifth Circuit evaluated the propriety of a district court's dismissal of a state law claim pursuant to § 1367(c)(4). *See Hays County Guardian v. Supple*, 969 F.2d 111, 111 (5th Cir.1992). In *Hays County Guardian*, the district court remanded, on Eleventh Amendment grounds, plaintiff's claims against state officials in their official capacities; the district court declined to exercise supplemental jurisdiction over the claims against the defendants in their individual capacities for which there was no Eleventh Amendment bar. The Fifth Circuit affirmed, finding "exceptional circumstances" and "compelling reasons for declining jurisdiction" over state law claims, in that identical claims (differing only in the capacity in which the defendants were sued) were proceeding in state court. Such duplicative litigation "would be a pointless waste of judicial resources." *Id.* at 125.

According to the Second Circuit,

> Subsection 1367(c)(4) authorizes federal courts, upon the recognition of "exceptional circumstances," to decline supplemental jurisdiction. The use of "exceptional circumstances" indicates that "Congress has sounded a note of caution that the bases for declining jurisdiction should be extended beyond the circumstances identified in subsections (c)(1)-(3) only if the circumstances are quite unusual." *Executive Software*, 24 F.3d at 1558. In other words, declining jurisdiction outside the ambit of 1367(c)(1)-(3) appears as the exception rather than the rule. Thus, federal courts "must ensure that the reasons identified as 'compelling' are not deployed in circumstances that threaten this principle." *Id.*

*Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 448 (2nd Cir.1998); *see also Women Prisoners of District of Columbia Dept. of Corrections v. District of Columbia*, 93 F.3d 910, 950, 320 (D.C.Cir.1996) ("By using such words as 'exceptional' and 'compelling,'... Congress indicated that invocations of § 1367(c)(4) should be rare."); 13D Wright, Miller, Cooper & Freer § 3567.3, at 452-53 (This provision, is narrow because "a broad reading ... would threaten to swallow the first three subsections of § 1367(c).").

devoted to the district court's consideration of the [Louisiana] state law claims. . . ." *Enochs v. Lampasas County*, 641 F.3d 155, 159 (5th Cir. 2011); *see also La Porte Const. Co., Inc. v. Bayshore Nat. Bank of La Porte, Texas*, 805 F.2d 1254, 1257 (5th Cir. 1986)("Because the trial court dismissed the case at such an early stage, there is no commitment of federal judicial resources.") In this Court's Ruling on defendants' motion for summary judgment, no analysis was provided of plaintiff's state law claims, in large part due to the fact those claims had been inadequately briefed.[4] Furthermore, this matter is still in its early stages, and no scheduling order has yet issued. As for "convenience," defendants have not shown it would be more convenient to have this case heard in federal court in Lafayette, Louisiana, as opposed to the Louisiana state court in Abbeville Parish, where all of the parties, witnesses, and evidence presumably are located. *Enoch* at 160. Nor have defendants shown they would have to duplicate any of their previous discovery efforts or expenses. *Id.* As for "fairness," defendants have not shown there would be anything unfair or prejudicial in having purely Louisiana state law claims heard in Louisiana state court. *Id.* Finally, "comity demands that the 'important interests of federalism and comity' be respected by federal courts, which are courts of limited jurisdiction and 'not as well equipped for determinations of state law as are state courts.'" *Id.* (quoting *Parker & Parsley* at 588-89).

In light of the foregoing, the Court finds the overall balance of the statutory and common law factors favors dismissal of plaintiff's state law claims. Accordingly, plaintiff's claims asserted

---

[4]Defendants' motion did not seek dismissal of plaintiff's state law claims, however its supporting memorandum did address plaintiff's state law claim of excessive force. No analysis was provided of plaintiff's claims asserted pursuant to La. Civ. Code art. 2315, 2316 or 2320, nor of plaintiff's claim for "failure to provide medical care." Plaintiff's memorandum in opposition was completely silent as to his state law claims. *See Enochs* at 160 ("The denial of the County's motion to dismiss did not require a thorough consideration of the merits of the state whistleblower claim at that early stage of the litigation, and the two other Texas state law claims had not yet even been briefed. The judicial economy factor certainly favors remand.")

pursuant to Louisiana state law are DISMISSED WITHOUT PREJUDICE.

THUS DONE AND SIGNED at Lafayette, Louisiana, this __17__ day of October, 2011.

_____
REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE